UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:99-cr-00358 GEB AC P |
| Plaintiff/Respondent, | |
| v. | ORDER |
| KEON REED, also known as KEVIN C. REID, | |
| Defendant/Movant. | |

Movant Keon Reed, with the assistance of the Federal Defender, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 2000 sentence. Respondent has filed an opposition to the motion; movant has filed a reply. Review of the parties' briefs indicates that additional briefing is necessary.

First, due to the unavailability of the 1999 indictment on the court's Electronic Filing system, the parties remain unclear regarding the nature of the robbery charge against movant. Although the charge was dismissed when movant pled guilty to the Use of A Firearm in a Crime of Violence, the charge is relevant to the parties' arguments whether movant's conviction should be vacated under Johnson v. United States, __U.S.__,135 S. Ct. 2551 (2015), due to the construction of movant's underlying "crime of violence." The court has obtained the archived case file and provides the following information. The indictment charged that movant and his co-

////

defendant, on July 11, 1999, at the subject Pizza Hut:

> COUNT ONE . . . did knowingly and unlawfully attempt to commit robbery, as that term is defined in 18 U.S.C. § 1951(b)(1) . . . which robbery had the potential to affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3) . . . [and] . . .
>
> COUNT TWO . . . during and in relation to a crime of violence which may be prosecuted in a court of the United States, to wit: Attempted Interference with Commerce by Robbery (as charged in Count One) did use and carry a firearm, to wit:  a shotgun (Remington Model 870 Express, serial number []), in violation of Title 18 U.S.C., Section 924(c)(1).

The parties will be directed to serve and file supplemental briefs addressing the impact, if any, of this additional information.

Second, the parties will be directed to address the impact, if any, of the Supreme Court's recent decision in Beckles v. United States, __U.S.__, 137 S. Ct. 886 (Mar. 6, 2017), on the legal issues presented in the pending petition.

Third, movant's counsel will be directed to more specifically inform the court and respondent as to movant's current location, and to further address the impact of movant's apparently noncustodial status on the court's jurisdiction to address the pending petition; respondent will be directed to address these matters in a response.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty (30) days after the filing date of this order, movant shall file and serve a supplemental brief addressing the matters identified in this order; and

2. Within twenty-one (21) days after the filing date of movant's supplemental brief, respondent shall file and serve a supplemental reply brief addressing the matters identified in this order.

SO ORDERED.

DATED: April 7, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE