# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:99-cr-00358 GEB AC |
|---|---|
| Plaintiff/Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KEVIN C. REID, | |
| Defendant/Movant. | |

Movant, a federal prisoner, brings a challenge to his sentence under 28 U.S.C. § 2255. ECF No. 43. Movant seeks relief pursuant to <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) and progeny. <u>Id.</u>, <u>see also</u> ECF No. 59 (supplemental brief asserting right to relief under <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2017)). The United States opposes the motion, ECF No. 53, and movant has replied, ECF No. 54. Supplemental briefs were filed at the request of the court. ECF Nos. 56, 58.

I. **BACKGROUND**

On August 26, 1999, Mr. Reid and a co-defendant were charged by indictment with attempted Hobbs Act robbery of a Pizza Hut restaurant, in violation of 18 U.S.C. § 1951(b) (Count One); and with use of a firearm during and in relation to the attempted robbery, in violation of § 924(c)(1) (Count Two). ECF Nos. 1, 55 at 2. Mr. Reid pled guilty to the gun charge on November 17, 1999, and the attempted robbery count was dismissed at sentencing on July 27, 2000. ECF Nos. 19, 35.

1

II. THE MOTION

When the instant motion was filed, neither party had access to the 1999 indictment on the court's Electronic Filing system, and the court's paper file had been archived. Perhaps for this reason, the initial § 2255 motion asserted in error that Mr. Reid's § 924(c) conviction was predicated on an uncharged California robbery. ECF No. 43 at 3. Movant contended that Cal. Penal Code § 211 robbery cannot constitute a crime of violence for purposes of § 924(c) after Johnson, supra. Id. In opposition, the United States asserted that the predicate crime of violence was most likely Hobbs Act robbery, not California robbery, and that the holding of Johnson had no effect on the longstanding principle that Hobbs Act robbery constitutes a violent crime for purposes of § 924(c). ECF No. 53. The court retrieved the indictment from archives, determined that Count One had charged attempted Hobbs Act robbery, and ordered further briefing. ECF No. 55.

Movant now contends that attempted Hobbs Act robbery (1) is not categorically a crime of violence, and (2) cannot be construed as a violent crime under § 924(c)'s residual clause because that clause is unconstitutional under Johnson. ECF No. 56 at 1-8. He also argues that Dimaya, supra, provides additional grounds for relief. ECF No. 59.

III. JURISDICTION

The district court has jurisdiction over a § 2255 motion if the movant is "in custody" at the time of filing. Maleng v. Cook, 490 U.S. 488, 491 (1989); United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988). The custody requirement is met if the defendant is "subject to" supervised release. Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002) (citing Jones v. Cunningham, 371 U.S. 236, 242-43 (1963)).

Mr. Reid was sentenced on July 25, 2000, to 44 months imprisonment followed by 36 months supervised release. ECF No. 35. On December 3, 2003, Mr. Reid was indicted in the District of Nevada for escaping from a BOP halfway house on or about October 14, 2003. ECF No. 54-2. Movant was serving the instant sentence when he escaped. The Nevada federal case ended in a guilty plea. Id. Meanwhile, Mr. Reid had been arrested and convicted on Nevada state charges; he was writted to federal court for proceedings in the escape case. Id. at 14. Present

federal counsel represents that movant is serving a life sentence, with the possibility of parole, for a 2003 Nevada state conviction. ECF No. 56 at 13. The government does not dispute this representation.

It appears from these facts that when the instant § 2255 motion was filed on June 27, 2016, Mr. Reid was in Nevada custody rather than federal custody, but had not served his full sentence in the instant case. Accordingly, he remains "subject to" additional imprisonment and supervised release in this case. This court therefore has jurisdiction to consider the motion. See Harrison v. Ollison, 519 F.3d 952, 955 n.2 (9th Cir. 2008) (finding that a defendant in state prison, with a "pending sentence of federal parole, . . . is 'in custody' for purposes of the federal habeas provisions, § 2241(c) and § 2255").

IV. PERTINENT STATUTORY FRAMEWORK

Title 18 U.S.C. § 924(c), under which Mr. Reid was charged in Count Two and to which he pled guilty, provides in pertinent part as follows:

> (1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to *any crime of violence* or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years. . .

18 U.S.C. § 924(c)(1)(A) (emphasis added).

The term "crime of violence" is defined as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is known as the "force" or "elements" clause, and § 924(c)(3)(B) is known as the "residual clause."

Title 18 U.S.C. § 1951, under which Mr. Reid was charged in Count One, provides in pertinent part as follows:

> Interference with commerce by threats or violence.
>
> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) As used in this section--
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951.

V. ANALYSIS

A. *Johnson* and Progeny

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminals Act is void for vagueness. The provision at issue had required sentences of 15 years to life sentence in 18 U.S.C. § 922(g) felon-in-possession cases where the defendant had been convicted of three or more prior "violent felonies" – defined as felonies involving "conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct. at 2255-56. The Supreme Court found that this definition of violent felony violates due process when used to require an enhanced sentence, because it does not give sufficient notice to defendants of the conduct that will support the enhancement, and because it invites arbitrary enforcement by judges. Id. at 2557. Only the ACCA's residual clause was held unconstitutional; the statute's alternate definitions of "violent felonies," including the definition based on the elements of the offense, remain in force. Id. at 2563. Johnson constitutes a new rule

4

of substantive criminal procedure that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

In Sessions v. Dimaya, 138 S. Ct. 1204 (2017), the Court applied Johnson to invalidate the Immigration and Nationality Act's incorporation of 18 U.S.C. § 16(b)'s residual clause. That statutory language defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Dimaya, 138 S. Ct. at 1211. The Court found that because this language is impermissibly vague under Johnson, it cannot be incorporated into the INA's definition of an "aggravated felony" for purposes of mandatory deportation. Id. at 1223. Like Johnson, Dimaya involved a prior conviction that had been found to qualify as a crime of violence under the residual clause, and not on the basis that an element of the offense involves the use of force. Id. at 1211 (immigration court held pursuant to residual clause that first-degree burglary is a crime of violence because it "carries a substantial risk of the use of force").

In United States v. Davis, 588 U.S. ___ (June 24, 2019), the Court recently announced that the residual clause of § 924(c) is unconstitutionally vague under Johnson and Dimaya. Id., slip op. at 24.

B. Movant's Constitutional Challenge To § 924(c)'s Residual Clause

The residual clause of § 924(c) is substantially similar to the residual clauses of the ACCA, the INA, and 18 U.S.C. § 16(b), all of which had previously been held unconstitutionally vague by the Supreme Court. The Court has now concluded that § 924(c)(3)(B) is also void for vagueness. Davis, supra. This holding confirms what had become the majority view in the lower federal courts. See, e.g., United States v. Salas, 889 F.3d 681, 686 (10th Cir. 2018); United States v. Cardena, 842 F.3d 959, 995-96 (7th Cir. 2016), cert. denied, 138 S. Ct. 247 (2017); United States v. Lattanaphom, 159 F. Supp. 3d 1157, 1164 (E.D. Cal. 2016); United States v. Chavez, 2018 U.S. Dist. LEXIS 126292, 2018 WL 3609083 (N.D. Cal. July 27, 2018). As Justice Gorsuch explained in Davis, "In our constitutional order, a vague law is no law at all." Davis, 588 U.S. ___, slip op. at 1.

That conclusion does not help Mr. Reid, however, because the record in this case does not

indicate that his § 924(c) conviction was based on the statute's residual clause. "[N]either Johnson II nor Dimaya has any effect on what constitutes a crime of violence under Section 924(c)'s elements clause." United States v. Mobley, 344 F. Supp. 3d 1089, 1100 (N.D. Cal. 2018); see also In re Hines, 824 F.3d 1334, 1336-37 (11th Cir. 2016) ("Johnson rendered the residual clause of § 924(e) invalid. It spoke not at all about the validity of the definition of a crime of violence found in § 924(c)(3)."). The Ninth Circuit has made it clear that where the predicate offense for a § 924(c) conviction constitutes a crime of violence under the statute's elements clause, the conviction and sentence remain valid even assuming the invalidity of the residual clause. United States v. Watson, 881 F.3d 782, 783, 784 (9th Cir. 2018) (per curiam). Nothing in Davis calls this approach into question.

Accordingly, the court turns to movant's argument that attempted Hobbs Act robbery does not constitute a crime of violence for purposes of § 924(c)(3)(A).

### C. Hobbs Act Robbery Remains a Crime of Violence That Permissibly Supports a § 924(c) Conviction and Sentence

The Ninth Circuit has held since Johnson, albeit in an unpublished decision, that Hobbs Act robbery is a crime of violence under the force clause of 924(c)(3)(A). Howard v. United States, 650 Fed. Appx. 466 (9th Cir. May 23, 2016, amended Jun. 24, 2016). Numerous other Courts of Appeals have reached the same conclusion. See United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017); United States v. Hill, 832 F.3d 135, 144 (2d Cir. 2016); In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016); United States v. Buck, 847 F.3d 267, 275 (5th Cir. 2017).

In Howard, the Ninth Circuit specifically rejected the argument, forwarded by movant here, that Hobbs Act robbery cannot categorically constitute a crime of violence under § 924(c)(3)(A) because it can be committed by "fear of injury." The appellate court found this argument was "unpersuasive" and "foreclosed by" the court's previous published decision in United States v. Selfa, 918 F.2d 749 (9th Cir. 1990). Howard, supra, at 468. Selfa held that the analogous bank robbery statute, which may be violated by intimidation as well as by force and violence, nonetheless qualifies as a crime of violence under U.S.S.G. § 4B1.2. Selfa, 918 F.2d at 751. The Guidelines provision at issue in Selfa uses a definition of "crime of violence" nearly

identical to § 924(c), and the Howard court accordingly concluded that the reasoning of Selfa applies with full force in the 924(c) context. Howard, 650 Fed. Appx. at 468. In light of Howard, the undersigned rejects the proposition that Selfa is no longer good law after Johnson and Dimaya.[1]

An overwhelming majority of district courts in this Circuit have found the reasoning of Howard to be persuasive, and have held since Johnson and Dimaya that Hobbs Act robbery constitutes a crime of violence under the force clause of § 924(c). See, e.g., Gaines v. United States, 248 F. Supp. 3d 959 (C.D. Cal. 2017); United States v. Major, No. 1:07-cr-00156 LJO, 2017 U.S. Dist. LEXIS 133342 (E.D. Cal. Aug. 21, 2017); United States v. Figueroa, No. 12cr236-GPC, 2017 U.S. Dist. LEXIS 126508 (S.D. Cal. Aug. 9, 2017); United States v. Reeves, 2018 U.S. Dist. LEXIS 81515 (D. Nev. May 15, 2018); United States v. Lasich, 2018 U.S. Dist. LEXIS 125984 (D. Ore. July 27, 2018). In Davis, the Fifth Circuit had concluded that a § 924(c) count predicated on Hobbs Act robbery remained valid because robbery constitutes a crime of violence under the elements clause, although a second § 924(c) count predicated on Hobbs Act conspiracy depended on the residual clause and thus could not stand. Davis, 588 U.S. ___ , slip op. at 4.[2] The undersigned agrees with this consensus that a § 924(c) conviction predicated on Hobbs Act robbery is sustained under the elements clause, and is therefore unaffected by the invalidity of the residual clause.

Contrary to movant's arguments, Hobbs Act robbery cannot be accomplished without actual or threatened violent physical force. Unlike Hobbs Act extortion, which is a separate

---

[1] Quite apart from Howard, the undersigned finds that the continuing validity of Selfa is unaffected by Johnson and Dimaya because those cases dealt specifically with residual clause language and did not involve the distinct analysis which applies under the force or elements clauses of statutory violent crime definitions. Absent a Supreme Court or en banc decision overruling Selfa, this court must apply existing authority. See Hart v. Massanari, 266 F.3d 1155, 1175 (9th Cir. 2001). Overrulings by implication are disfavored, and this is not one of those rare cases where circumstances have created a near certainty that the challenged rule is obsolete. See Sanders v. United States, 2017 U.S. Dist. LEXIS 163003 at *15 (C.D. Cal. Sept. 29, 2017) (rejecting argument that Selfa and United States v. Wright, 215 F.3d 1020, 1028 (9th Cir. 2000) (holding that armed bank robbery is a crime of violence under § 924(c)) have been implicitly overruled by Johnson); id. at *14-19 (collecting cases reaching same conclusion).

[2] The Supreme Court did not review this question. Id. at 24-25.

7

offense under 28 U.S.C. § 1951(a), Hobbs Act robbery requires the non-consensual taking of property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future. . ." § 1951(b)(1); see also United States v. Rose, No. 1:07-cr-00156 LJO, 2017 U.S. Dist. LEXIS 133337 at * 9-13 (E.D. Cal., Aug. 18, 2017). Hobbs Act robbery also requires the use or threat of force to be intentional. Id. at 15-16 (discussing and adopting the reasoning of United States v. Pena, 161 F. Supp. 3d 268, 283-84 (S.DN.Y. 2016)). And Hobbs Act robbery does not permit conviction on the basis of the victim's subjective fear of injury in the absence of explicit or implied threats. Rose, 2017 U.S. Dist. LEXIS 133337 at * 16-17. The elements of Hobbs Act robbery thus categorically satisfy the force clause of § 924(c)(3)(A). Accordingly, Hobbs Act robbery constitutes a crime of violence supporting § 924(c) liability regardless of the validity of the statute's residual clause.

The fact that movant was charged with attempted, rather than accomplished, Hobbs Act robbery does not affect the analysis. Section 924(c)(3) itself defines a crime of violence as any felony that "has as an element the use, *attempted use*, or threatened use of physical force against the person or property of another." (emphasis added). Numerous courts have concluded from this statutory language that the attempted commission of any offense that would constitute a crime of violence under § 924(c) also itself constitutes a crime of violence. See, e.g., United States v. St. Hubert, 909 F.3d 335, 352 (11th Cir. 2018) (attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)); Ovalles v. United States, 905 F.3d 1300, 1306 (11th Cir. 2018) (attempted carjacking); United States v. Baires-Reyes, 191 F. Supp. 3d 1046, 1050-51 (N.D. Cal. 2016) (attempted Hobbs Act robbery); United States v. Lopez, No. 1:19-cr-00014 DAD, 2019 U.S. Dist. LEXIS 79647 (E.D. Cal. May 10, 2019) (attempted armed bank robbery).[3] The undersigned readily agrees.

Having pled guilty to using and carrying a firearm while attempting to interfere with commerce by robbery, conduct which by its nature constitutes a crime of violence, movant cannot

---

[3] Conspiracy to commit robbery, on the other hand, would not constitute a crime of violence because the overt act required to support liability need not involve the actual, attempted, or threatened use of physical force. Baires-Reyes, 191 F. Supp. 3d at 1049.

8

prevail on the theory that he was convicted and sentenced under an unconstitutionally vague definition of a crime of violence. In sum, movant has not demonstrated that his § 924(c) conviction rests on the residual clause of that statute's definition of a crime of violence. To the contrary, because attempted Hobbs Act robbery categorically constitutes a crime of violence under § 924(c)(3)(A), a conclusion that is unaffected by Johnson and progeny, movant's conviction and sentence are unaffected by the unconstitutional vagueness of § 924(c)(3)(B).

VI. CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. 43, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: June 24, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE