1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    No.  2:99-cr-0358 KJM AC

12                    Respondent,

13          v.                                      ORDER

14    KEVIN C. REID,

15                    Movant.

16

17          This matter is on remand from the Ninth Circuit for further proceedings consistent with

18    United States v. Taylor, 142 S. Ct. 2015 (2022).

19          On August 26, 1999, movant and a co-defendant were charged by indictment with

20    attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b) (Count One); and with use of a

21    firearm during and in relation to the attempted robbery, in violation of § 924(c)(1) (Count Two).

22    ECF No. 55 at 2 (quoting indictment).  Movant pled guilty to the gun charge on November 17,

23    1999, and the attempted robbery count was dismissed at sentencing on July 25, 2000.  ECF Nos.

24    19, 35.

25          On June 24, 2016, movant, proceeding through counsel, filed a motion to vacate, set aside,

26    or correct his sentence pursuant to 28 U.S.C. § 2255 in which he sought relief pursuant to

27    Johnson v. United States, 576 U.S. 591 (2015).  ECF No. 43.  The United States opposed the

28    motion (ECF No. 53), and supplemental briefs were filed at the request of the court (ECF No. 56,

1    58).  Movant filed further supplemental briefing asserting a right to relief under Sessions v.

2    Dimaya, 138 S. Ct. 1204 (2018)).  ECF No. 59.

3         The motion was denied on the grounds that the record did not indicate that movant had

4    been convicted based on 18 U.S.C. § 924(c)'s residual clause and attempted Hobbs Act robbery

5    constituted a crime of violence.  ECF No. 60 at 5-9 (findings and recommendations); ECF No. 62

6    (order adopting findings and recommendations in full).  Movant appealed (ECF No. 64) and the

7    decision was affirmed (ECF No. 67).  On June 27, 2022, the United States Supreme Court

8    vacated the judgement and remanded the case back to the Ninth Circuit for further consideration

9    in light of the decision in Taylor.  Reid v. United States, 142 S. Ct. 2857 (2022).  The Ninth

10   Circuit subsequently vacated the denial of the § 2255 motion and remanded the case to this court

11   for further proceedings.  ECF No. 71.  In light of the remand, the parties will be required to

12   submit supplemental briefing addressing the impact of the Supreme Court's decision in Taylor on

13   the legal issues presented in the motion to vacate.

14        Accordingly, IT IS HEREBY ORDERED that:

15        1.  Within thirty days of the filing of this order, movant shall file a supplemental brief

16   addressing the matters set forth above; and

17        2.  Within twenty-one days of the filing of movant's supplemental brief, respondent shall

18   file a supplemental reply brief.

19   DATED: October 19, 2023

20

21   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28