UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:99-cr-0358 KJM AC |
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KEVIN C. REID, | |
| Movant. | |

Movant, a federal prisoner proceeding through counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This matter is on remand from the Ninth Circuit for further proceedings consistent with United States v. Taylor, 142 S. Ct. 2015 (2022).

I. Background

On August 26, 1999, movant and a co-defendant were charged by indictment with attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b) (Count One); and with use of a firearm during and in relation to the attempted robbery, in violation of § 924(c)(1) (Count Two). ECF No. 55 at 2 (quoting indictment). Movant pled guilty to the gun charge on November 17, 1999, and the attempted robbery count was dismissed at sentencing on July 25, 2000. ECF Nos. 19, 35. Movant was sentenced to sixty months in prison followed by supervised release for a term of sixty months. ECF No. 34.

1    On June 24, 2016, movant, proceeding through counsel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in which he sought relief pursuant to Johnson v. United States, 576 U.S. 591 (2015). ECF No. 43. The United States opposed the motion (ECF No. 53), and supplemental briefs were filed at the request of the court (ECF No. 56, 58). Movant filed further supplemental briefing asserting a right to relief under Sessions v. Dimaya, 138 S. Ct. 1204 (2018)). ECF No. 59.

The motion was denied on the grounds that (1) the record did not indicate that movant had been convicted based on 18 U.S.C. § 924(c)'s residual clause and (2) attempted Hobbs Act robbery constituted a crime of violence. ECF No. 60 at 5-9 (findings and recommendations); ECF No. 62 (order adopting findings and recommendations in full). Movant appealed (ECF No. 64) and the decision was affirmed (ECF No. 67). On June 27, 2022, the United States Supreme Court vacated the judgement and remanded the case back to the Ninth Circuit for further consideration in light of Taylor, supra. Reid v. United States, 142 S. Ct. 2857 (2022). The Ninth Circuit subsequently vacated the denial of the § 2255 motion and remanded the case to this court for further proceedings. ECF No. 71. The parties were ordered to submit supplemental briefing addressing the impact of the Supreme Court's decision in Taylor on the legal issues presented in the motion to vacate. ECF No. 75. In response, movant argues that Taylor is directly on point because it held that attempted Hobbes Act robbery is not a crime of violence within the meaning of § 924(c) and his conviction should therefore be vacated. ECF No. 76.

Respondent has filed a response and agrees the conviction should be vacated. ECF No. 77.

II.   The Motion

The parties agree that movant's convictions under § 924(c)(1) must be vacated after the United States Supreme Court's decisions in United States v. Taylor, 142 S. Ct. 2015 (2022).

III.   Pertinent Statutory Framework

Title 18 U.S.C. § 924(c), under which movant was charged in Count 2, provides in pertinent part as follows:

> (1)(A) Except to the extent that a greater minimum sentence is

2

> otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
>> (i) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A).

> The term "crime of violence" is defined as follows:
>
>> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>>
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id., § 924(c)(3). The first clause, § 924(c)(3)(A), is known as the "force" or "elements" clause, and § 924(c)(3)(B) is known as the "residual clause."

IV.   Analysis

In United States v. Davis, the United States Supreme Court announced that the residual clause of § 924(c) is unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019). More recently, in United States v. Taylor, the Court held that attempted Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause of § 924(c). 142 S. Ct. 2015, 2020 (2022). Because attempted Hobbs Act robbery—which served as the predicate offense for movant's conviction—does not qualify as a crime of violence under either the residual clause or the elements clause, movant's § 924(c) conviction cannot stand.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's unopposed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 43) be GRANTED;

2. Movant's conviction be VACATED; and

////

      3. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-1444 KJM AC.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 13, 2023

                                  _____
                                  ALLISON CLAIRE
                                  UNITED STATES MAGISTRATE JUDGE